IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SALISBURY REAL HOLDINGS II, LLC,** : | **CIVIL ACTION** |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| **NORTH COVENTRY TOWNSHIP, et al** : | **No. 05-CV-04781** |
| Defendants : | |

**MEMORANDUM AND ORDER**

**TIMOTHY R. RICE**                                                                                          June 1, 2006
**U.S. MAGISTRATE JUDGE**

      This case involves a dispute over the use of property in North Coventry Township, Chester County, Pennsylvania as a group home for mentally disabled individuals. Plaintiff, Salisbury Real Holdings, II, LLC ("Salisbury"), is the owner of the property. The defendants ("North Coventry") include North Coventry Township, the members of the North Coventry Township Zoning Board, and several officials responsible for zoning issues within the township.

      Salisbury alleges North Coventry violated the Fair Housing Amendments Act, 42 U.S.C. § 3601 et seq., Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, when it denied an application to begin work on the group home, which the Court of Common Pleas for Chester County subsequently ruled was permitted "by right."

      North Coventry seeks to preclude the testimony of Jerry Herskovitz as improper opinion testimony under Fed. R. Evid. 701 & 702. Salisbury contends Herskovitz will testify solely to the mathematical calculations he performed in computing Salisbury's monetary damages (including lost profits), and not opinion testimony.

For the following reasons, I grant North Coventry's motion in part, but will allow Herskovitz to offer strictly limited summary testimony under Fed. R. Evid. 611(a).

Salisbury concedes Jerry Herskovitz is not an expert under Fed. R. Evid. 702, and it has not filed the required Fed. R. Civ. Pro. 26(a)(2) notice.  Accordingly, Herskovitz may not testify as an expert.

Similarly, Herskovitz's testimony is not a lay opinion under Rule 701 because it is not "rationally based on the perception of the witness."  Fed. R. Evid. 701.  Herskovitz has no first-hand knowledge of the underlying issues or of Salisbury's damages.  Compare Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1174-75 (3d Cir. 1993) (lay opinion concerning lost profits admitted based on witness' particularized knowledge and witness' position in business); In re Merritt Logan, Inc., 901 F.2d 349, 360 (3d Cir. 1990) (lay opinion of principal shareholder admitted concerning lost profits); Joy Manufacturing Co. v. Sola Basic Industries, Inc., 697 F.2d 104 (3d Cir. 1982) (lay opinion admitted where witness had "extensive personal knowledge" of the manufacturing plants at issue); see also DIJO, Inc. v. Hilton Hotels Corp., 351 F.3d 679, 685-86 (5th Cir. 2003) (district court abused its discretion by permitting lay opinion testimony concerning lost profits from a witness with no first-hand, personal knowledge of the business' operation).

Lay opinion testimony is permitted only where the "personal knowledge, rational basis, and helpfulness standards of Rule 701 are met," Asplundh Manufacturing Division v. Benton Harbor Engineering, 57 F.3d 1190, 1198 (3d Cir. 1995), and the testimony does not concern scientific, technical, or specialized knowledge reserved for expert witnesses.  Fed. R. Evid. 701.  For example, in Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399 (3d Cir. 1980), the court

allowed lay testimony on lost profits from Teen-Ed's accountant, finding the personal knowledge gained from handling Teen-Ed's balance sheets sufficient to meet the requirements of Rule 701. Teen-Ed, 620 F.2d at 403.  As the court noted in Asplundh, the accountant's personal knowledge in Teen-Ed was "very particular" and based on his extensive prior experience.  Asplundh, 57 F.3d at 1202-03.  Teen-Ed does not support Salisbury's proffer of Herskovitz's testimony because Herskovitz's relationship with Salisbury is limited to testimony in this case.  Herskovitz does not possess the requisite personal knowledge to offer a lay opinion.  "The further removed a layman is from a company's day-to-day operations, the less likely it is that his opinion will be admissible under Rule 701."  DIJO, Inc., 351 F.3d at 686.

The only basis for Herskovitz's testimony is as a summary witness to compile and total the admissible evidence on damages.  A summary witness is permitted where the testimony is limited by a cautionary instruction.  United States v. Sabino, 274 F.3d 1053, 1066-68 (6th Cir. 2001).  Under Fed. R. Evid. 611(a), I have discretion to allow such evidence to save time and make the presentation of evidence effective for ascertaining the truth.  Although it is a close question, Herskovitz may testify only to summarize facts already in evidence from other witnesses or documents.  Herskovitz may not offer opinions, and may not rely on assumptions or inadmissible evidence.  United States v. Pelullo, 964 F.2d 193, 204-05 (3d. Cir. 1992). Herskovitz may offer only a pedagogical summary, which is not evidence, but merely an aid to the fact-finder.  United States v. Buck, 324 F.3d 786, 791 (5th Cir. 2003); United States v. Winn, 948 F.2d 145, 159 (5th Cir. 1991); cf. Fed. R. Evid. 1006 (admitting summaries of voluminous evidence as substantive evidence).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SALISBURY REAL HOLDINGS II, LLC,** : | **CIVIL ACTION** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **NORTH COVENTRY TOWNSHIP, et al** : | **No. 05-CV-04781** |
| **Defendants** : | |

## ORDER

**TIMOTHY R. RICE**
**U.S. MAGISTRATE JUDGE**

AND NOW, this 1st day of June, 2006, upon consideration of Defendants' Motion in Limine to Preclude Testimony of Jerry Herskovitz and Plaintiff's Response, it is hereby ORDERED that the Defendants' Motion is GRANTED in part. Herskovitz shall be permitted to testify only as a summary witness and may not offer opinion evidence under Fed. R. Evid. 701 or Fed. R. Evid. 702.

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE